**Gibson McMILLAN, as Personal Representative of the Estate of Andrew J. McMillan, Plaintiff**

v.

**COLLEGE PRO PAINTERS (U.S.) LTD., Defendant**

**No. CIV. 04–211–P–C.**

United States District Court, D. Maine.

Jan. 5, 2005.

Julian L. Sweet, Berman & Simmons, P.A., Lewiston. ME, for Gibson McMillan as Personal Representative of the Estate of Andrew J. McMillan, Plaintiff.

Dean Richlin, Foley Hoag LLP, Boston, MA, Peter J. Brann, Brann & Isaacson, Kevin J. Beal, Brann & Isaacson, Lewiston, ME, for College Pro Painters (US) Ltd, Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND AFFIRMING SAID ORDER TO STRIKE

GENE CARTER, Senior District Judge.

Before the Court is the Defendant College Pro's Motion for Reconsideration of the Court's Order Granting Plaintiff's Motion to Strike (Docket Item No. 17). The Court acknowledges its mistake in treating the Defendant's Motion to Dismiss, put forth under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction as a motion under Fed.R.Civ.P. 12(b)(6). After full reconsideration on this motion, the Court remains convinced that in order to determine if Defendant has immunity under 39–A M.R.S.A. § 104 (the factual predicate for Defendant's contention that there is no subject matter jurisdiction herein) significant issues of material fact need to be resolved. As the Court observed in its Order:

> Counts I through III of the Complaint allege activities of Defendant claimed to be productive of duties owed by Defendant to Plaintiff, allegedly outside the confines of any employment relationship between Defendant and Plaintiff, or at least that is the fair inference to be drawn from the juxtaposition of these allegations to the factual allegations pointed out above. Thus, the thrust of Plaintiff's theory of the case is that, apart from an employment relationship, if any, between Plaintiff and Defendant, there was an "undertaking of services" by the Defendant creating the duty of reasonable care which allegedly was outside of the course and scope of the employment of Plaintiff by either Defendant or Karz.

Defendant's attack on the Complaint, as limned by the Motion to Dismiss, is based on the assertion that Defendant is entitled to immunity from Plaintiff's claims under § 104, necessarily because his activities and injuries took place in the course and scope of an employment relationship covered by workers' compensation insurance pursuant to § 104. Defendant claims the Complaint "reinforces" a conclusion that Plaintiff is claiming that Defendant was Plaintiff's employer. Motion to Dismiss, at 5.

The Court is satisfied that there is a real dispute of fact about the relationships of these parties, including Karz, with respect to the painting project in question and about what, if anything, the nature of any such relationships have to do with the creation of Defendant's claimed duty to use due care toward Plaintiff by virtue of the alleged "undertaking of services," the extent of that

duty, and the legal consequences, if any, of its breach, if any. Those issues of fact must be resolved before the legal determination can be made as to whether Defendant can claim immunity in this case under 39–A M.R.S.A. § 104.

Order Granting Plaintiff's Motion to Strike, at 9.

Those observations remain true regardless of the procedural footing of the motion seeking to establish the immunity defense. The Court gave counsel for both parties in its Order a clear indication of its view that the proper pretrial method to generate the immunity issue for resolution by the Court is by a Rule 56 Motion for Summary Judgment:

> Where, the factual dispute, resolution of which is necessary to adjudicate a legal claim of immunity, is as profound and nuanced as it is here and since it is likely that extensive discovery, including various depositions, will be required to provide the necessary factual predicate for resolution of the legal issue, it will only be productive of delay, ineptness, and unnecessary difficulty in properly formulating a record sufficient to resolve the legal issue to attempt to refashion the motion to dismiss as a summary judgment motion. Local Rule 56 is intended to provide a structured process for the creation of an adequate record for Rule 56–type adjudication and a focussed guide for counsel as to what is required in that regard… [C]ompliance, when it occurs, assures the Court a proper record on which to efficiently act and directs efficiently counsel's efforts to that end. It will be to the advantage of all concerned in this case to have this issue nicely and completely framed under the strictures of Local Rule 56.

*Id.*, at 5, n. 2.

The above remains the Court's view in the circumstances of this case, and the

Court **DECLINES** to re-instate the Defendant's Motion to Dismiss and **AFFIRMS** its Order of December 2, 2004 (Docket Item No. 16) striking it.

**SO ORDERED.**